FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RECEIVED
PRO SE**

WARREN CHASE, Id. # 326514

N.B.C.I.

14100 McMullen Hwy., SW

Cumberland, MD 21502

**FEB 1 8 2015**

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY_____ DEPUTY

(Full name, prison identification
number and address of the plaintiff)

v.

Civil Action No. CCB-15-460
(Leave blank on initial filing to be filled in by Court.)

1. THE ENTIRE N.B.C.I.

PRISON ADMINISTRATION,

Et Al.

(Continued On Back) ⟶ :

(Full name and address of the defendant(s))

## COMPLAINT

**I.     Previous lawsuits**

  **A.**     Have you filed other cases in state or federal court dealing with the same facts as
in this case or against the same defendants?

              YES ☐       NO ☑

  **B.**     If you answered YES, describe that case(s) in the spaces below.

         **1.**     Parties to the other case(s):

              Plaintiff: _____ N/A _____

              Defendant(s): _____ N/A _____

1983 Complaint (Rev. 05/2013)                    6

*Defendants' Continued Page #.1 Of #.84

2. All Prior & Present
N.B.C.I. Wardens', Et Al.

3. All Prior & Present
Assistant Wardens'.

4. All Prior & Present
Chiefs Of Security.

5. Bobby P. Shearin.
6. R. Graham.
7. Frank Bishop, Jr.
8. Richard E. Miller.
9. William S. Bohrer.
10. L. Simpson.
11. S. Lease.
12. R. Herbold.
13. M. Bornner.
14. All Prior & Present
N.B.C.I. Case Managers.
15. C. M. Campbell.
16. B. Cassidy.
17. S. Shockey.
18. M. Parker.
19. J. Sowers.
20. J. McMahan.

\*Defendants' Continued   Page #. 2 Of #. 4

21. C. Zies.
22. B. Bradley.
23. J. White.
24. S. Messinger.
25. R. Durst.
26. S. Gainer.
27. B. Hoffman.
28. L. Smith.
29. S. Johnson.
30. R. Teats.
31. R. Roderick.
32. S. Fields.
33. G. Sindy.
34. S. Roach.
   N. B. C. I.
14100 McMullen Hwy., SW
Cumberland, MD  21502


35. Wayne A. Webb, Et Al.
18601 Roxbury Road
Hagerstown, MD  21746


36. R. R. Sowers, Et Al.
6776 Reisterstown Road
      Suite 310
Baltimore, MD  21215

*Defendants' Continued Page #3 Of #4

·37. Jesse Ballard, 3rd
      Et Al.
Md. D.P.S.C.S./I.I.U.
  P.O. Box 418
  8510 Coordior Road
  Suite 100
Savage, MD 20763-0418.

·38. Carroll A. Parrish
  Deputy Secretary
  Operations, Et Al.


·39. David N. Benzanson,
      Et Al.
Assistant Secretary
Capital Programs, Et Al.


·40. Rhea L. Harris
      Et Al.
Assistant Secretary
  Chief Of Staff


·41. Patricia M. Donovan
      Et Al.
Deputy Secretary
Administration.

* Defendants' Continued   Page #.4 Of #.4

- 42. J. M. Stouffer, Et Al.
- 43. Gregg L. Hershberger.
- 44. Gary D. Maynard.
- 45. Mary Ann Saar,
  Secretary Of The Md.
  D.P.S.C.S.

300 E. Joppa Road
Hampton Plaza-Suite 1000
Towson, MD 21204.

         Defendants.

2.  Court (if a federal court name the district; if a state court name the city or county): _____N/A,_____

3.  Case No.: _____N/A,_____

4.  Date filed: _____N/A,_____

5.  Name of judge that handled the case: _____N/A,_____

6.  Disposition (won, dismissed, still pending, on appeal): ____N/A,____

_____

7.  Date of disposition: _____N/A_____

## II.   Administrative proceedings

A.  If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

YES ☑   NO ☐

1.  If you answered YES:

a.  What was the result? _____Dismissed_____

_____

b.  Did you appeal?

YES ☑   NO ☐

2.  If you answered NO to either of the questions above, explain why: _

_____N/A_____

_____

III. **Statement of claim**
(Briefly state the facts of your case.  Include dates, times, and places.  Describe what each
defendant did or how he/she is involved.  If you are making a number of related claims,
number and explain each claim in a separate paragraph.)

*Violation Of Plaintiff-Warren Chase,
Id. #326514, 8th & 14 Amendment
Constitutional Rights, Cruel & Unusual
Punishment By An Indifinate Disciplinary
Segregation (Dis. Seg.) Sentence.

Now Comes The Plaintiff-Warren Chase, Id #
326514, files this "42 U.S.C. Section 1983

IV. **Relief**
(State briefly what you want the Court to do for you.)

1. A Court Order

SIGNED THIS 24th day of, January ,2015.

X Warren Chase, Id # 326514
    (original signature of plaintiff)

Warren Chase, Id # 326514
N.B.C.I., 14100 McMullen Hwy, SW
Cumberland, MD 21502
    (address of plaintiff)

\*III. Statement Of Claim:

Civil Lawsuit & Prayer For Summary Judgment Before Trial " herein. In support hereof he firmly declares as follows:

·1. Mr. Warren Chase declares that his disciplinary segregation sentence within the "Maryland Dept. Of Public Safety & Correctional Services" started in June 2006.

·2. His disciplinary segregation sentence than ran from June 2006 until April 23rd, 2008.

·3. On April 23rd, 2008 while still serving his disciplinary segregation sentence he-Mr. Warren Chase was transfered there to North Branch Correctional Institution (N.B.C.I.), Housing Unit (H.U.) #.1, C-Tier, Cell #: 1, C-Tier, Cell #: 29 and immediately placed in "extreme social isolation" on disciplinary segregation.

·4. Mr. Warren Chase has remain housed there at N.B.C.I. Prison since April 23rd, 2008, until the present held in extreme isolation on disciplinary segregation.

**\*III. Statement Of Claim:**

Over the course of the last prior seven (7) years that Mr. Warren Chase has been held there on disciplinary segregation he has continuesly requested but has continuesly been denied all of their Inst. N.B.C.I. Incentive Self-Help "B.M.P. & Anger Management ▓▓▓▓▓▓ Programs" as a "Campaign Of Harassment" by all of their above N.B.C.I. Prison Administration Defendants.

• 5. Mr. Warren Chase firmly declares that according to a complete computation of the full duration of the disciplinary segregation sentence which he has already served is a total of eight-years.

• 6. He declares that despite the approx. eight prior years that he has already been forced to serve on disciplinary segregation according to a complete computation of the full length of the duration of Mr. Warren Chase's disciplinary segregation sentence which he presently has left to he served his disciplinary segregation sentence does not end until the year 2043.

# *III. Statement Of Claim:

• 7. Plaintiff declares that despite the fact that he has gone many months and years infraction free he still has been denied - has never been able to obtain one (or any) disciplinary segregation time cuts every 30-days.

* . Plaintiffs' Argument In Support Of His Prayer For Summary Judgment Before Trial. "For Good Cause Shown."

• 1. Plaintiff argues that "Every person who, under color of any status, ordinance, regulation, custom, or usage of any State or Territory or the District Of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suite in equity or other proper proceeding for redress."

• 2. Plaintiff declares that he has "Clearly Shown" A Genuine Dispute Of A Material Fact, &

· PG.#3

Clearly Shown Proof Of A Prima Facie Case
Contained Herein."

. Jurisdiction And Venue :

3. This is a Civil Action authorized by 42
U.S.C. Section 1983 to redress the
deprivation, under color of State law, of
rights secured by the Constitution of the
United States. This Court has jurisdiction
under 28 U.S.C. Section 1331 and 1343
(a) (3).

4. Plaintiff-Warren Chases' claims for
"Violation Of His 8th & 14th Amendment
Constitutional Rights - Cruel & Unusual
Punishment By Defendants' Enforcement Of An
Indifinate Disciplinary Segregation (Dis. Seg.)
Sentence. Civil Lawsuit & Prayer For Summary
Judgment Before Trial" are authorized by
28 U.S.C. Section 2283 and 2284 and
Rule 65 of the Federal Rules Of Civil
Procedure (F.R.C.P.).

5. This Honorable United States District
Court For The District Of Maryland is
an appropriate venue under 28 U.S.C.

·PG. #4

Section 1391 (b)(2) because it is where the events giving rise to this claim occurred in their official & personal capacitys'.

. Plaintiff :

6. Plaintiff-Warren Chase is and was at all times mentioned herein a prisoner of the State Of Maryland in the custody of the "Secretary Of The Maryland Dept. Of Public Safety And Correctional Services" (Md. D.P.S.C.S.). He is also currently confined in "North Branch Correctional Institution" (N.B.C.I.), in Cumberland, Maryland.

. Defendant (s) :

7. Defendant-Gregg L. Hershberger, is currently the Secretary Of The "Maryland Dept. Of Public Safety & Correctional Services" (Md. D.P.S.C.S.).

8. Defendant-J. M. Stauffer is currently the Deputy Secretary Of The "Maryland Dept. Of Public Safety & Correctional Services" (Md.

D.P.S.C.S.).

• 9. Defendant-Patricia M. Donovan, is currently the Deputy Secretary Of Administration of The "Maryland Dept. Of Public Safety & Correctional Services" (Md. D.P.S.C.S.).

• 10. Defendant- Rhea L. Harris is currently the Deputy Secretary Of Administration of the "Maryland Dept. Of Public Safety & Correctional Services" (Md. D.P.S.C.S.).

• 11. Defendant-David N. Benzanson is currently the Assistant Secretary Of Capital Programs of the "Maryland Dept. Of Public Safety & Correctional Services" (Md. D.P.S.C.S.).

• 12. Defendant- Carroll A. Parrish is currently the Deputy Secretary Of Operations of the "Maryland Dept. Of Public Safety & Correctional Services" (Md. D.P.S.C.S.).

• 13. Defendant-Jesse Ballard, 3rd, is currently the "Director Of the Maryland Dept. Of Public Safety & Correctional Services/Internal Investigation Unit" (Md. D.P.S.C.S./I.I.U.).

·14. Defendant - R. R. Sowers, is currently the "Commissioner Of the Maryland Division Of Corrections" (Md. D.O.C.).

·15. Defendant - Wayne A. Webb is currently the "Western Regional Director Of The Maryland Division Of Corrections" (Md. D.O.C.).

·16. Defendants'- C.M. Campbell, B. Cassidy, S. Shockey, M. Parker, J. Sowers, J. McMahan, E. Zies, B. Bradley, J. White, S. Messinger, R. Durst, S. Gainer, B. Hoffman, L. Smith, S. Johnson, R. Teats, R. Roderick, S. Fields, G. Sindy, S. Roach, L. Simpson, S. Lease, R. Herbold, M. Bomner, B. Cornachia, are each "Case Managers' At N.B.C.I."

·17. Defendant- William S. Bohrer, is the acting "Chief Of Security" at N.B.C.I.

·18. Defendant- Richard E. Miller, is the "Assistant Warden Of N.B.C.I."

·19. Defendant- R. Graham, was the "Prior Warden Of N.B.C.I."

·20. Defendant- Frank Bishop, Jr., is currently

the "Warden Of N.B.C.I."

'21. Defendant- Bobby P. Shearin, was the "Prior Warden Of N.B.C.I."

·22. Each Defendant is sued in their official and individual capacitys'.

· . Exhaustion Of Legal Remedies :

·23. Plaintiff-Warren Chase has repeatedly attempted to use the A.R.P./Grievance Procedure available at N.B.C.I./I.G.O. to try and solve the problem. Between April 23rd, 2008, and this present date: 01/24/2015 Plaintiff-Warren Chase has presented the facts relating to this complaint. On 2014 Plaintiff-Warren Chase was sent a response saying that the grievance had been denied. On 2014 Plaintiff has appealed the constant denial of the grievances.

*Note: Since April 23rd, 2008, throughout the present January 24th, 2015 date white housed at N.B.C.I. all N.B.C.I. U.S. Postal Mail Room Staff, Prison Guards etc. have

(are) daily, weekly, monthly, yearly stolen over 200-thousand pieces of his daily "Out-Going U.S. Postal Mail!"

•24. Plaintiff realleges' and incorporates' by reference paragraph 1-7, that the unsafe prison conditions: Indifinate Disciplinary Segregation (Dis. Seg.) Sentence, that he has already served (approx. eight years), and the approx. 28 further years which the Defendants' are attempting to force him-Plaintiff to serve has- is presently violating Plaintiffs' 8th & 14th Amendments Rights' under the United States Constitution by constituted "cruel and ususual punishment".

•25. Plaintiff-Warren Chase declares, that his Constitutional Rights to the equal protection of the law of safety has been and presently daily continues to be violated.

•26. Violated by the Defendants' very clear failure to protect him from harm.

•27. At trial Plaintiff can clearly show that his Constitutional and Statutory

•PG.# 9

Rights have already been, and daily continues to be violated.

### Convicted Prisoners And The 8th Amendment :

·28. Plaintiff-Warren Chase argues that prisoners' are constitutionally entitled to environmental conditions, that do not pose serious risk to their health and safety.

·29. Plaintiff declares that the Defendants' have violated his constitutional rights to a basic identifyable human need - the right to reasonable safety which is the objective element. See e.g., Helling vs. McKinney, 509 U.S. 25, 31 -32 (1993).

·30. The 8th Amendment made applicable to the State by the 14th Amendment prohibits' the infliction of "Cruel And Unusual Punishment" on convicted prisoners'.

·31. The 8th Amendment protects' prisoners'

against conditions, that pose an unreasonable risk of future harm; as well as those that are currently causing harm. Helling, 509 U.S. at 33.

32. Plaintiff declares' that his rights to any further attempts' at proper exhaustion of the "Prison Litigation Reform Act" (P.L.R.A) have totally been blocked by this corrupt unlawful N.B.C.I. Prison Administration, and their unlawful Prison Guard Staff; Their constant daily unlawful acts' of henderence range from:

A. N.B.C.I. Prison Guards refuse to provide Plaintiff with blank A.R.P.'s upone request.

B. Refusal to provide the proper quantity of A.R.P.'s or continuation forms upon request.

C. Sgts' of the housing units' refusal to daily -weekly- monthly -yearly do tier rounds to collect-stamp-sigh -and date Plaintiffs' A.R.P.'s. Thereby forcing Plaintiff to hand-deliver his properly submitted A.R.P.'s to these unlawful N.B.C.I. Prison Guards' to be taken

to the Sgts' to be processed. In this process his properly submitted A.R.P.'s are continuesly stolen.

· D. N.B.C.I. Institutional A.R.P. Coordinator steals Plaintiffs' properly submitted Inst. A.R.P.'s.

· . What Is Proper Exhaustion Of The Prison Litigation Reform Act (P.L.R.A.):

· 33. Exhausting remedies for the "P.L.R.A." requires' filing a grievance, and pursuing all available administrative appeals. However, if a prisoner does not file a grievance because they are unable to obtain grievance forms', or those which were properly submitted were stolen by Prison Guards, or the ones' submitted are not processed "no administrative remedy is available" and the Plaintiff May file in court. See e.g., Miller vs. Norris, 247 F.3d 736 (8th Cir. 2001).

· 34. An exception to the requirement, that all appeals be taken occurs if the Plaintiff cannot appeal without a decision from the lower level of the grievance system; and the lower level did not respond to the grievance. See e.g., Taylor vs. Barrett, 105 F. Supp. 2d 483 (E.D. Va. 2000).

· PG.#: 12

35. The District Of Columbia Circuit Of Appeals said, that under the "P.L.R.A." Courts may still issue injunctions' to prevent further irreparable injuries'.

## Legal Framework:

36. Civil Rights Of Institutionalized Person Act ("C.R.I.P.A.") gives the Department Of Justice standing to bring action against a state whenever the Attorney General has reasonable cause to believe that the state is depriving prisoners of "rights, privileges, or immunities secured or protected by the Constitution of the United States." C.R.I.P.A. Sec. 3, 42 U.S.C. Section 1997a. It is well past dispute that the 8th Amendment requires that prison officials provide inmates with such minimum essentials as medical care, and reasonable safety. See e.g., Farmer vs. Brennan, 114 S. Ct. 1970, 1976 (1994); Estelle vs. Gamble, 429 U.S. 97, 102 (1976).

## Mental Health Care.

37. Like other conditions of confinement, medical

care provided to inmates is subject to scrutiny under the 8th Amendments' prohibition against cruel and unusual punishment, Helling vs. McKinney, 113 S. Ct. 2475, 2480 (1993). "Medical needs" include not only physical health needs, but mental health needs as well.

38. As was long ago established in Estelle, unnecessary and wanton infliction of pain on inmates is inconsistent with contemporary standards of decency, and violates the 8th Amendment of the Constitution. Estelle, 429 U.S. at 103-104. Conditions that inflict serious mental pains or injury also implicate the 8th Amendment. States cannot, consistent with contemporary notions of humanity and decency, forcibly incarcerate prisoners under conditions that will or very likely will, make them seriously ill. See e.g., Helling, 113 S. Ct. at 2475. Where conditions of segregation greatly exacerbate mental illness, and the period of segregated confinement is prolonged or indefinite. See also, Hutto vs. Finney, 437 U.S. 678, 686 (1978) (length of confinement relevant to deciding whether confinement meets constitutional standards); Pepperling vs.

Gist, 678 F.2d 787, 789 (9th Cir. 1983) ("The deprivations associated with an institutional lock-up, including twenty-four hour confinement, may constitute a violation of the 8th Amendment, if they persist too long.").

39. Conditions of extreme social isolation and reduced environmental stimulation, like the conditions at "N.B.C.I." violate evolving standards of humanity and decency when imposed on those who are at a particularly high risk for suffering very serious or severe injury to their mental health. Madrid, 889 F. Supp. at 1265-67 (placing inmates who were already mentally ill or who had a history of prior psychiatric problems or chronic depression in Marion-like isolation w is "the mental equivalent of putting an asthmatic in a place with little air to breathe. The risk is high enough, and the consequences serious enough, that we have no hesitancy in finding that the risk is plainly 'unreasonable'," quoting Helling, 113 S. Ct. at 2481). See also, Davenport vs. DeRobertis, 844 F.2d 1310, 1317 (7th Cir.), cert. denied, 488

U.S. 908 (1988) (isolating state prisoners from other human beings year after year or even Month after Month can cause substantial psychological damage even if the isolation is not total).

.   .   Indefinite Disciplinary Segregation.

·40. States may not inflict punishment on prisoners without penological justification. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Prolonged and indefinite segregated confinement is a factor to be considered in a constitutional challenge to prison conditions. Sweet vs. South Carolina Department Of Corrections, 529 F.2d 854, 861 (4th Cir. 1975). Due process requires a periodic review in a meaningful way and using relevant standards to determine whether prisoners should be retained in segregation or returned to the general population. Kelly vs. Brewer, 525 F.2d 394 (8th Cir. 1975).

·41. Shoats vs. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (8 years in administrative custody with no prospect of immediate release is

atypical and significant hardship),

•42. Historically the Plaintiff-Warren Chose is
     psychologically diagnosed with :

•A. Axis 1: Bipolar 1 disorder.

•B. Axis 1: Manic Depression.

•C. Axis 1: Multiple Personality Disorder.

•D. Axis 1: Paranied Schizophrenia, etc.

⟶

✗ Warren Chase, Id#: 326514

( C.C. File) ;

•PG.#: 17

*IV. Relief Continued:

WHEREFORE    IN   CONCLUSION,
the Plaintiff—Warren   Chase, Id. #326514, prays
for the immediately following reliefs:

•1. A declaration that the acts and omissions
   described herein violated Plaintiffs' rights
   under the Constitution and laws of the
   United States.

•2. An immediate court order to remove
   the Plaintiff from disciplinary segregation
   status.

•3. Monetary Compensatory Damages in the   amount
   of $_____.

•4. Monetary Punitive Damages in the amount of
   $_____.

•5. Monetary Nominal Damages in the  amount of
   $_____.

•6. Monetary Irreparable Injuries Damages in the
   amount of $_____.

•PG.#.1

## *IV. Relief Continued:

*Note: Plaintiff prays for an estimated $50-Million Dollars in the above damages claims.

7. The appointment of counsel to Plaintiff.

8. A trial by jury on all issues at trial.

9. An order that Defendants' be required to pay all of Plaintiffs:

A. Court Cost; and

B. Attorneys Fees.

10. Any other and further relief that this Honorable Court May deem just and proper.

THIS NOT MADE FOR PURPOSE OF DELAY.

Date: 01/24/2015

Respectfully Submitted

X ~~Warren Chase, Id. #: 326514~~
Warren Chase, Id. #: 326514
N. B. C. I.
14100 McMullen Hwy., SW
Cumberland, MD   21502

(C. C. File):